UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 01-CR-20041 |
| | ) | |
| **DWIGHT D. LARSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This matter is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this court would, if required to resentence, impose Defendant Larson's original three-year term of supervised release. See United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005). Defendant Larson has served his prison sentence and has been released. See United States v. Larson, 417 F.3d 741 (7th Cir. 2005). Therefore, the only issue in this limited remand is the term of supervised release imposed. Pursuant to the Seventh Circuit's decision in Paladino, this court ordered the parties to submit their positions on the issue of Defendant's term of supervised release in light of the decision of the United States Supreme Court in United States v. Booker, ____ U.S. ____, 125 S. Ct. 738 (2005). The Government filed its Response (#284) on August 23, 2005. Defendant has not responded to this court's order. This court must now "place on the record a decision not to resentence, with an appropriate explanation," or advise the Seventh Circuit of this court's desire to resentence the defendant. Paladino, 401 F.3d at 484.

The record in this case shows that Defendant was indicted on May 3, 2001, based upon his involvement in a tax evasion scheme. Defendant fled to Florida, and was arrested there in October 2001. On January 8, 2002, Defendant pled guilty to three counts in the indictment: Count 1, conspiracy to defraud an agency of the United States in violation of 18 U.S.C. § 371; Count 8,

willfully making and subscribing a fraudulent tax return in violation of 26 U.S.C. § 7206(1); and Count 13, knowingly making false declarations under oath in violation of 18 U.S.C. § 1623. A sentencing hearing was held on July 3, 8, and 9, 2002. Defendant was sentenced to a term of 55 months in the Federal Bureau of Prisons and a term of three years of supervised release. Defendant was also ordered to pay his personal tax liability in the total amount of $66,199 during the first year of supervised release, a $300 special assessment, and $701,513 in restitution.

The Government argues that the three year period of supervised release to which Defendant was originally sentenced was entirely reasonable. The Government contends that the nature and circumstances of Defendant's offenses and the history and characteristics of Defendant were such that, after release from federal custody, a period of supervised release was both necessary and appropriate. The Government further notes that, given the huge amount Defendant was ordered to pay in restitution, supervised release is necessary to insure that Defendant obtains and maintains employment, manages his money appropriately and makes timely restitution payments to the extent he can.

This court has considered the Government's arguments, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(c) (the court "in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). Based upon the nature of the offenses to which Defendant pleaded guilty, and the history and characteristics of Defendant, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same term of supervised release. This court agrees with the Government that this court's imposition of three years' supervised release would have been no different had the order been entered under advisory rather than mandatory sentencing

guidelines. This court would, therefore, adhere to its original sentence in this case.

For these reasons, this court advises the United States Court of Appeals for the Seventh Circuit that it would have imposed the same term of supervised release on Defendant even if it was aware that the sentencing guidelines were merely advisory.

ENTERED this 13th day of October, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE